UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
06-CV-3100(JMR/FLN)

Lofgren Trucking Service,      )
Inc.                           )
                               )
        v.                     )           ORDER
                               )
United States of America       )

This is a dispute between a taxpayer and the Internal Revenue Service ("IRS"). Plaintiff, Lofgren Trucking Service, Inc., owes employment taxes to the IRS. Faced with a proposed IRS levy, Lofgren offered to make payments under a payment plan. The IRS Appeals Division rejected plaintiff's proposal.

The matter is before the Court on cross-motions for summary judgment. Plaintiff asks the Court to compel the IRS to accept the payment plan. The IRS asks the Court to affirm the Appeals Division's rejection. Upon consideration, the Court grants plaintiff's motion in part, denies defendant's motion, and remands the matter for further review.

I. Background

Lofgren Trucking Service, Inc., is located in Rush City, Minnesota. When its business slowed, it failed to pay its 2005 employment taxes. New owners bought the company in 2005, and the business began to turn around. After significant losses in 2005, the new owners made a small profit and realized a positive cash flow during the first quarter of 2006.

Seeking to collect 2005 taxes, the IRS issued two notices of

intent to levy on plaintiff's property.  On March 22, 2006, the IRS issued a Notice of Intent to Levy to collect $36,207 due for the period ending June 30, 2005.  On April 3, 2006, in response to that notice, plaintiff submitted a proposed payment plan to Revenue Officer Bart Brellenthin.   The plan offered:   (1) payments of $6,000 per month on the 2005 liabilities; (2) timely filing of returns for the first quarter of 2006, and payment of half its liability for that period; and (3) timely deposits for the second quarter of 2006.

On April 17, 2006, pursuant to 26 U.S.C. § 6330(b), plaintiff filed a timely request for a Collection Due Process ("CDP") hearing regarding the March 22, 2006 Notice.  The matter was referred to Appeals Settlement Officer Dale Veer.

On May 11, 2006, the IRS issued a second Notice of Intent to Levy to collect $29,408 owed for the period ending December 31, 2005.  On June 1, 2006, plaintiff made a timely request for a CDP hearing with respect to this second notice.  This request was also referred to Officer Veer.

The Appeals Officer conducted a review and maintained a daily case record documenting his actions.  His notes reflect that, on April 27, 2006, when he first received the case, Revenue Officer Brellenthin told him plaintiff was not current with deposits, and was thereby ineligible for a payment plan.

There is no dispute that, while plaintiff's proposal was pending, plaintiff performed according to the proposed plan.

2

Plaintiff made employment tax deposits for the second quarter of 2006, paid in full its $5,315.50 liability for the second quarter of 2005, and filed Form 940 for 2005 and Form 941 the first quarter of 2006.

On June 5, 2006, the Appeals Officer conducted a CDP hearing by telephone regarding both notices.  The hearing was essentially a discussion between the Appeals Officer and plaintiff's counsel. According to the Appeals Officer's notes taken during the hearing, he told plaintiff's attorney that plaintiff's large outstanding balance and its failure to make deposits in the first quarter of 2006 "require[d]" that the payment plan be rejected.  The Appeals Officer inquired whether plaintiff could pay the taxes owing for the first quarter of 2006 in full.  Plaintiff advised it could not. The next day, the Appeals Officer advised plaintiff's counsel that plaintiff must immediately pay the taxes for the first quarter of 2006 or he would authorize the IRS to proceed with the levy.

On June 20, 2006, the Appeals Officer decided to reject plaintiff's payment proposal.  The Appeals Office Notice of Determination was issued June 26, 2006, freeing the IRS to proceed with the levy.  The Appeals Officer's Notice of Determination noted, as its sole reason for plan-rejection, plaintiff's inability to pay its first quarter 2006 federal employment tax.  The Notice stated:

> Current administrative guidelines concerning installment payment agreements for an in-business taxpayer owing employment tax require you to demonstrate a financial ability to meet your current obligations (including federal employment tax deposits) while satisfying the past-due tax over a reasonable period of time. Unfortunately, LTS incurred a new Form 941 tax debt for the first quarter of 2006 after you had made this proposal and while this CDP case was pending in Appeals. LTS demonstrated no such financial ability.  Mr. Veer offered you the option of paying the outstanding trust fund balance in order to make your $6,000/month proposal feasible.  You were not able to pay the trust fund balance.  Appeals was not able to approve your installment payment proposal at this time.

Plaintiff's Exhibit 14 (IRS Notice of Determination, dated June 26, 2006).

Plaintiff has now filed this action pursuant to 26 U.S.C. § 6330(d)(1)(B), contesting the Appeals Officer's rejection of the proposed payment plan.  Plaintiff argues the Appeals Officer erred in both fact and law.

Plaintiff first contends that, when its appeal was pending, it was actually meeting its current tax obligations.  Plaintiff notes it proposed the payment plan and appealed Revenue Officer Brellenthin's plan rejection during the second quarter of 2006.  At this time, plaintiff was successfully meeting its obligations to make employment tax deposits during the second quarter of 2006. Second, even assuming it had incurred a new tax liability while its proposal was pending, plaintiff disputes the Appeals Officer's assertion that this fact precluded the IRS from accepting the plan. Plaintiff claims an ongoing business can remain eligible for a payment plan even if it is accruing new tax liabilities.

The government now acknowledges that ongoing tax liabilities do not preclude plan acceptance.  It asserts, however, that, notwithstanding the Appeals Officer's error in suggesting that ongoing tax liabilities bar a taxpayer plan, he actually engaged in the appropriate balancing test mandated by law.  The government claims the Appeals Officer considered the plan and determined plaintiff failed to demonstrate an ability to meet its current obligations while satisfying the past-due tax over a reasonable period of time.  The government asserts the Appeals Officer fulfilled his obligation to consider the proposal, and did not abuse his discretion in rejecting it.

The parties agree only legal issues remain.

II.  <u>Legal Standard</u>

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact.  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 246 (1986).  As there are no disputed facts, the matter is ripe for summary disposition.

Once the IRS issues a Notice of Intent to Levy, a taxpayer is entitled to a fair hearing before an impartial officer.  26 U.S.C. § 6330(b).  At the hearing, the taxpayer can challenge the propriety of the levy and offer alternative means of collection, including an installment agreement.  <u>Id.</u> § 6330(c)(2).  The hearing officer must determine "whether any proposed collection action

balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Id. § 6330(c)(3)(C).  The officer may, among other things, consider the following factors:  (1) the taxpayer's ability to pay in accordance with its proposal; (2) the size of the taxpayer's liability; (3) the taxpayer's record of fulfilling its obligations under any previous collection alternative agreements; and (4) its compliance with current obligations.  Fifty Below Sales & Marketing, Inc. v. United States, 2007 WL 2301924 *2-3 (8th Cir. August 14, 2007).  In deciding whether to permit a proposed collection alternative, the officer is obligated to follow all applicable statutes and regulations.  Id. at *2.

A district court reviews the appeals officer's decision for abuse of discretion.  Robinette v. Commisioner, 439 F.3d 455, 458-59 (8th Cir. 2006).  The Eighth Circuit has observed that "Congress likely contemplated review for a clear abuse of discretion in the sense of clear taxpayer abuse and unfairness by the IRS."  Id. at 459 (quotations omitted).  No clear taxpayer abuse occurs "where the IRS followed the statutes and regulations governing grants of relief, and the appeals officer took into account the taxpayer's proposed alternative and the statutory balancing test, followed the prescribed procedures, gave a reasoned decision, and did not rely on any improper criteria or facts that are contrary to the evidence."  Fifty Below Sales, 2007 WL 2301924 *1 (citations

omitted).

III.  <u>Analysis</u>

It is undisputed that, at least in part, the Appeals Officer based his rejection of the plan on plaintiff having incurred a new tax debt due the first quarter of 2006.  His summary notes from the June 5, 2006, CDP hearing reflect his belief that plaintiff's failure to make employment tax deposits during the first quarter of 2006 precluded the IRS from accepting its payment plan, unless plaintiff tendered those funds immediately.

The parties dispute whether plaintiff was meeting its "current" tax obligations when the Appeals Officer rejected the proposal.  Plaintiff acknowledges it made no deposits during 2006's first quarter, but claims the relevant time to measure its ability to meet its current obligations should have been the second quarter of 2006, rather than the first.  Plaintiff makes this claim based on the fact that its payment plan was submitted on April 3, 2006; it requested a CDP hearing to review the Notices of Intent to Levy on April 17, 2006, and June 1, 2006; and the Appeals Officer did not conduct the hearing or make his final determination until June, 2006.  Plaintiff accurately notes that each date falls in the second quarter of 2006.

In reply, the government simply elides plaintiff's concerns regarding its "current" tax obligation date.  In doing so, it merely repeats the Appeals Officer's opinion that plaintiff incurred a "new" tax debt while the proposal was pending.  The

government goes so far as to identify this "fact" as "important."

A simple repetition of the government's contention that it should win, cannot - ipsa dixit - carry the day.  There is no dispute that, while the payment plan was pending, plaintiff made timely deposits for the second quarter of 2006, and at the same time paid almost $6,000 on its back liability.  The Court finds this persuasive evidence of plaintiff's ability to remain in good standing on its "current" obligations, while paying past due amounts.  But this does not conclude the issue.

The controlling question in this matter is whether the Appeals Officer abused his discretion in finding plaintiff's collection alternative unsuitable to meet the IRS's interest in collecting its taxes.  That question hinges on whether the Appeals Officer gave actual and fair consideration to plaintiff's proposal.  <u>Cf.</u> <u>Fifty Below Sales</u>, 2007 WL 2301924 *3.  The Court finds he did not, and that he therefore abused his discretion.

The Court's review of the Appeals Officer's notes and his Notice of Determination leads the Court to the inescapable conclusion that he summarily denied plaintiff's requested payment plan under the mistaken belief that the IRS Code forbade him from accepting it.  The record clearly demonstrates the Appeals Officer's belief that the code and regulations made it impossible to approve plaintiff's proposed payment plan, because of the debt incurred relative to the first quarter of 2006.  The Appeals Officer's Notice of Determination stated that administrative

8

guidelines "required" plaintiff to pay current employment tax deposits in order to show it had the financial ability to meet current obligations while paying past due tax. Plaintiff's Exhibit 14.

Using this erroneous standard, the Appeals Officer found plaintiff's failure to pay deposits for the first quarter of 2006 meant he was "not able" to approve plaintiff's plan. Id. The government's pleadings compound this error, when it avers that, given the circumstances of plaintiff's case, "[t]he guidelines *do not permit* the acceptance of an installment agreement." Memorandum in Support of United States' Motion for Summary Judgment, filed March 2, 2007, p. 7 [Docket No. 13] (emphasis in original) (citing I.R.M. 5.14.7.2(4)(c)).

The Court finds the government's cited regulation is inapposite and fails to support its position. By its very terms, the regulation states only that a business classified as a "repeater" is not immediately entitled to acceptance of a proposed payment plan; the plan should be classified as pending. I.R.M. 5.14.7.2(4)(c). "Repeaters" is a defined term: it applies to business taxpayers which are currently pyramiding trust fund taxes, and have three or more trust fund balances due assigned to the collection field function. Id. The government has not shown - nor can it - that plaintiff met this definition when the Appeals Officer made his determination.

The regulation goes further: "[i]f, however, after contact,

9

taxpayers originally classified as repeaters do not continue to accrue liabilities and begin making FTDs and file all appropriate returns . . . then, they are no longer considered repeaters and may qualify for installment agreements." I.R.M. 5.14.7.2(4)(d). Even if plaintiff were a "repeater," which it was not, its status would have been ameliorated because it falls into this category. Plaintiff was not accruing liabilities when the Appeals Officer made his determination and it made deposits (FTDs) throughout the second quarter, rendering it current in its filing requirements.

While plaintiff's first quarter 2006 liabilities may be a factor to consider in assessing the proposed installment agreement, the Court finds they were not an absolute bar to the Appeals Office accepting plaintiff's proposal. The Internal Revenue Manual provides that, when reviewing a proposed installment agreement, "if the taxpayer cannot pay operating expenses and current taxes, then deferring action on delinquent and accrued taxes *may* serve no useful purpose." I.R.M. 5.14.7.2(4)(a) (emphasis added). The Manual directs the reviewing officer to consider the taxpayer's interests and review its financial statements to see "if there is a way to reduce expenses in order to make payment on the taxes and avoid enforced collection action." Id. This regulation makes it clear: even if the taxpayer is unable to pay current taxes, the officer is not prohibited from accepting an installment agreement. In fact, the regulation encourages the officer to work with the taxpayer to figure out a way to make such an option work. Id. The

10

Court finds plaintiff was eligible to be considered for an installment agreement.

The Manual also provides that "[a]mounts due on unassessed returns may be included in installment agreements." I.R.M. 5.14.7.2(6). This provision further supports the Court's conclusion that plaintiff was eligible for an installment agreement, even in the absence of deposits during the first quarter of 2006. In June, 2006, the IRS had not yet assessed plaintiff for any first quarter 2006 delinquency. The Manual clearly contemplates the grant of an installment agreement, despite an unassessed delinquency, and directs permitting those unassessed amounts to be incorporated into the payment plan.

The Court finds the Appeals Officer clearly erred when interpreting these regulations. As such, it is highly implausible that the Appeals Officer could have engaged in the requisite balancing test to determine whether plaintiff's payment plan satisfied the government's interest in the efficient collection of taxes. The government may wish the Court to find that the Appeals Officer fulfilled his duty to carefully balance the taxpayer's and the IRS's interests, as he was required to do. But wishing does not make it so.

The evidence overwhelmingly shows the Appeals Officer summarily rejected plaintiff's plan based on his erroneous belief that plaintiff's delinquencies for first quarter 2006 made it ineligible for an installment agreement. His view was very likely

fostered by Revenue Officer Brellenthin's declaration to that effect.  The Appeals Officer cites no "balancing" factors, and gives no other basis for his rejection.  As a result, the Court concludes plaintiff was deprived of its right to a fair hearing under 26 U.S.C. § 6330(b).

The Court finds that the Appeals Officer failed to meet his obligation to adequately consider whether plaintiff's proposed installment agreement "balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  26 U.S.C. § 6330(c)(3)(C).  In doing so, he clearly abused his discretion, rendering his decision improper.  Accordingly, the Court remands the matter to the Office of Appeals for consideration of plaintiff's proposal.

IV.  <u>Conclusion</u>

Accordingly, IT IS ORDERED that:

1.  Plaintiff's motion for summary judgment [Docket No. 14] is granted.

2.  Defendant's motion for summary judgment [Docket No. 12] is denied.

3.  The matter is remanded to the IRS for consideration of plaintiff's installment agreement proposal in accordance with this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

12

Dated:  September 10, 2007


                                   s/ James M. Rosenbaum
                                   JAMES M. ROSENBAUM
                                   United States Chief District Judge